UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY WAYNE MURRAY | CIVIL ACTION NO.: 10-1755 |
| | SECTION: "A" |
| VERSUS | |
| | MAGISTRATE: 03 |
| RODNEY JACK STRAIN, JR., ET AL. | JURY DEMAND |

## DEFENDANT ROBERT EDWARDS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**TO:** TIMOTHY WAYNE MURRAY
in proper person:
Camp-C-Tiger 2/L #4
Louisiana State Penitentiary
Angola, LA 70712

**PLEASE TAKE NOTICE** that Robert Edwards, defendant in the above-captioned proceeding, submits the following responses to the Plaintiff's First Set of Interrogatories propounded to him by plaintiff Timothy Wayne Murray in the above-captioned matter on or about September 30, 2011, and pursuant to Rule 33 of the Federal Rules of Civil Procedure. The defendant fully reserves the right to amend these responses as the process of discovery in this matter progresses and as the law may mandate.

**GENERAL OBJECTION:** Defendant hereby enters a general objection to plaintiff's *Interrogatories* and any and all discovery taking place at this time because defendant has

pled the affirmative defense of qualified immunity in the Answer. Qualified immunity for a law enforcement officer is not solely a defense to liability, but is a defense to being sued. *Spann v. Rainey*, 987 F.2d 1110 (5th Cir 1993). The purpose of the qualified immunity doctrine is to protect law enforcement officers not only from payment of liability claims, but to protect them from bearing the cost and burden of defending unjust litigation, including answering discovery in such unjust litigation. Therefore, defendant submits that no discovery should take place until the issue of qualified immunity is determined in this matter. Subject to this objection, however, defendant responds to plaintiff's *Interrogatories* as follows:

**INTERROGATORY NO. 1:**

> Please identify all positions and titles with corresponding dates of employment that you have held as an employee at the St. Tammany Parish Sheriff's Office. Describe your responsibilities for each position and title.

**ANSWER TO INTERROGATORY NO. 1:**

Objections: irrelevant and overly broad. Subject to and expressly reserving those objections, and in a spirit of cooperation, defendant Robert Edwards ("Cpl. Edwards") offers the following response: He has been employed by Sheriff Rodney J. "Jack" Strain, Jr. ("Sheriff Strain") and the St. Tammany Parish Sheriff's Office ("the STPSO") since December 3, 2001 and he currently holds the rank of corporal.

**INTERROGATORY NO. 2:**

> Please describe in as much detail as possible the training you have received while working at St. Tammany Parish Sheriff's Office on the use of force, including but not limited to the use of flashlights, K-9 dogs, and other devices that you use to recapture escapees.

### ANSWER TO INTERROGATORY NO.2 :

Objections: overly broad, vague, and ambiguous. Subject to and expressly reserving those objections, and in a spirit of cooperation, Cpl. Edwards offers the following response: Virtually every deputy employed by the STPSO, including himself, is Level I Police Officer Safety Training (P.O.S.T.)-certified. One element of P.O.S.T. training is the use of force. In addition, deputies receive additional training in the use of force on a regular basis.

### INTERROGATORY NO. 3:

Please describe in as much detail as possible every policy, procedure, and practice that governs the use of K-9 dogs, flashlights, and other devices that you use to recapture escapees.

### ANSWER TO INTERROGATORY NO. 3:

Objections: overly broad, vague, and ambiguous in terms of both subject-matter and time-frame.

### INTERROGATORY NO. 4:

Please identify all officials responsible for formulating, implementing, and monitoring compliance with policies and procedures and practices described in your response to Interrogatory #3.

### ANSWER TO INTERROGATORY NO. 4 :

Objections: overly broad, vague, and ambiguous in terms of both subject-matter and time-frame. Subject to and expressly reserving those objections, and in a spirit of cooperation, Cpl. Edwards offers the following response: Sheriff Strain has ultimate responsibility for "formulating, implementing, and monitoring compliance" with all STPSO policies and procedures, including but not limited to those which reference is made in Interrogatory No. 3.

**INTERROGATORY NO. 5:**

Please describe in as much detail as possible the complete circumstances surrounding your use of force against the plaintiff on 6-20-2009/6-21-2009.

**ANSWER TO INTERROGATORY NO. 5:**

Objections: overly broad, vague, and ambiguous. Subject to and expressly reserving those objections, and in a spirit of cooperation, Cpl. Edwards offers the following response: Any and all use of force directed toward the plaintiff was in direct response to his own resistance to being taken into custody, and it was reasonable and justified in light of those circumstances.

**INTERROGATORY NO. 6:**

Please state the name, affiliation, title, last known address, and last known telephone number of each person who has knowledge of any of the facts stated in your response to Interrogatory #5.

**ANSWER TO INTERROGATORY NO. 6:**

Objections: overly broad, vague, and ambiguous in terms of both subject-matter and time-frame.

**INTERROGATORY NO. 7:**

Please identify each document as the term is defined in Federal Rules of Civil Procedure 34(A)(1) that evidences mentions or refers to any of the facts stated in your response to Interrogatory #5.

**ANSWER TO INTERROGATORY NO. 7:**

Objections: overly broad, vague, and ambiguous in terms of both subject-matter and time-frame.

### ANSWER TO INTERROGATORY NO. 10:

Objections: overly broad, vague, and ambiguous in terms of both subject-matter and time-frame. Subject to and expressly reserving those objections, and in a spirit of cooperation, Cpl. Edwards offers the following response: None at this time.

### INTERROGATORY NO. 11:

Please identify all officials that was with you when you first spotted plaintiff in the woods on 6-20-2009/6-21-2009.

### ANSWER TO INTERROGATORY NO. 11:

Objections: overly broad, vague, and ambiguous in terms of both subject-matter and time-frame.

### INTERROGATORY NO. 12:

Please describe the events that took place from the spotted plaintiff in the woods on 6-20-2009/6-21-2009 until he was placed back in the St. Tammany Parish Jail.

### ANSWER TO INTERROGATORY NO. 12:

Objections: overly broad, vague, and ambiguous in terms of both subject-matter and time-frame.

### INTERROGATORY NO. 13:

What time was it when you spotted plaintiff in the woods on 6-20-2009/2-21-2009?

### ANSWER TO INTERROGATORY NO. 13:

Objections: overly broad, vague, and ambiguous in terms of both subject-matter and time-frame. Subject to and expressly reserving those objections, and in a spirit of cooperation, Cpl. Edwards offers the following response: Sometime after midnight on June 21, 2009.

**INTERROGATORY NO. 14:**

What time was it when plaintiff got back to the jail?

**ANSWER TO INTERROGATORY NO. 14:**

Objections: overly broad, vague, and ambiguous in terms of both subject-matter and time-frame. Subject to and expressly reserving those objections, and in a spirit of cooperation, Cpl. Edwards offers the following response: Approximately 2:30 a.m., June 21, 2009.

                                       Respectfully submitted:

                                       **TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.**

                                       BY: _____
                                       CHARLES M. HUGHES, JR. (#14382)
                                       GARY L. HANES (#14341)
2250 7th Street
Mandeville, Louisiana 70471
Telephone: (985) 624-5010
Facsimile: (985) 624-5306

Attorneys for Defendants
Rodney J. Strain, Jr., in his capacity as Sheriff of St. Tammany Parish, Richard D. Inglese, M.D., Gary French, M.D., Marcus Dileo, M.D., Sureshkunar Bhatt, Deputy Jeremy Church, Deputy Jeff Brady, Deputy Ben Sadowski, Deputy Ben Godwin, and Deputy Robert Edwards

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 31st day of October, 2011 forwarded a copy of the foregoing pleading to plaintiff Timothy Wayne Murray, *pro se*, by placing same in the United States Mail, postage prepaid and properly addressed.