UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY WAYNE MURRAY<br><br>VERSUS<br><br>RODNEY JACK STRAIN, JR., ET AL. | CIVIL ACTION NO.: 10-1755<br><br>SECTION: "A"<br><br>MAGISTRATE: 03<br><br>JURY DEMAND |

## DEFENDANT DR. INGLESE'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:  TIMOTHY WAYNE MURRAY
     in proper person:
     Camp-C-Tiger 2/L #4
     Louisiana State Penitentiary
     Angola, LA 70712

**PLEASE TAKE NOTICE** that Richard D. Inglese, M.D. ("Dr. Inglese"), defendant in the above-captioned proceeding, submits the following responses to the Plaintiff's First Set of Interrogatories propounded to him by plaintiff Timothy Wayne Murray in the above-captioned matter on or about September 30, 2011, and pursuant to Rule 33 of the Federal Rules of Civil Procedure. Dr. Inglese fully reserves the right to amend these responses as the process of discovery in this matter progresses and as the law may mandate.

**GENERAL OBJECTION:** Defendant hereby enters a general objection to plaintiff's *Interrogatories* as well as to any and all discovery taking place at this time because defendant has pled the affirmative defense of qualified immunity in the Answer. Qualified immunity for a law enforcement officer is not solely a defense to liability, but is a defense to being sued. *Spann v. Rainey*, 987 F.2d 1110 (5th Cir 1993). The purpose of the qualified immunity doctrine is to protect law enforcement officers not only from payment of liability claims, but to protect them from bearing the cost and burden of defending unjust litigation, including answering discovery in such unjust litigation. Therefore, defendant submits that no discovery should take place until the issue of qualified immunity is determined in this matter. Subject to this objection, however, defendant responds to plaintiff's *Interrogatories* as follows:

## INTERROGATORY NO. 1:

Please identify all posit and titles with corresponding dates of employment that you have held as employee/employer for the St. Tammany Parish Sheriff's Office.

## ANSWER TO INTERROGATORY NO. 1:

Objections: irrelevant and overly broad. Subject to and expressly reserving those objections, Dr. Inglese offers the following response: He has been employed by Sheriff Rodney "Jack" Strain, Jr. ("Sheriff Strain") and the St. Tammany Parish Sheriff's Office ("STPSO") as Medical Director of the St. Tammany Parish Jail since 2004.

## INTERROGATORY NO. 2:

Please describe in as much detail as possible every policy, procedure, and practice that governs a recaptured inmates need for immediate medical care by a doctor.

### ANSWER TO INTERROGATORY NO. 2:

Objections: overly broad, vague, and ambiguous as to both subject-matter and time-frame. Subject to and expressly reserving those objections, Dr. Inglese offers the following response: The policies, procedure and practices that apply to "recaptured" inmates are exactly the same as those that apply to any other inmate.

### INTERROGATORY NO. 3:

> Please identify all officials responsible for formulating, implementing, and monitoring compliance with the policies, procedures, and practices described in your response to interrogatory #2.

### ANSWER TO INTERROGATORY NO. 3:

Objections: overly broad, vague, and ambiguous as to both subject-matter and time-frame. Subject to and expressly reserving those objections, Dr. Inglese offers the following response: The on-duty or on-call physician who assesses an individual inmate patient always exercises his/her independent professional medical judgment in determining the urgency of care.

### INTERROGATORY NO. 4:

> Please describe in as much detail as possible the complete circumstances surrounding plaintiff's delay in receiving immediate medical care by a doctor on 6-20-2009/6-21-2009.

### ANSWER TO INTERROGATORY NO. 4:

Objections: overly broad, vague, and ambiguous as to both subject-matter and time-frame. Also, the interrogatory assumes numerous "facts" for which no foundation has been laid and makes certain conclusory assumptions from those "facts" that constitute opinions rather than facts. Subject to and expressly reserving those objections, Dr. Inglese offers the following response: The plaintiff received all appropriate medical care.

**INTERROGATORY NO. 5:**

>Please state the name, affiliation, title, last known address and last known telephone number of each person who has knowledge of any of the facts stated in your response to interrogatory #4. Including but not limited to the nurses that "taped up" plaintiff's lip and bandaged up the other injuries in "washdown" at the Jail on 6-20-2009/6-21-2009.

**ANSWER TO INTERROGATORY NO. 5:**

Objections: overly broad, vague, and ambiguous. Subject to and expressly reserving those objections, Dr. Inglese offers the following response: The plaintiff received all appropriate medical care.

**INTERROGATORY NO. 6:**

>Please identify each document as the term is defined in Federal Rules of Civil Procedure 34(A)(1), that evidences, mentions, or refers to any of the facts stated in your response to interrogatory #4.

**ANSWER TO INTERROGATORY NO. 6:**

Objections: overly broad, vague, and ambiguous as to both subject-matter and time-frame. Subject to and expressly reserving those objections, Dr. Inglese offers the following response: The plaintiff received all appropriate medical care.

**INTERROGATORY NO. 7:**

>Please describe in as much detail as possible the complete circumstances surrounding all other instances in which you, or the doctors and nurses under you have failed to give immediate medical treatment when needed and include in your response the circumstances surrounding any review or disciplinary action that occurred after each actual or threatened application of failer to give immediate treatment when need at St. Tammany Parish Jail.

**ANSWER TO INTERROGATORY NO. 7:**

Objections: the interrogatory assumes numerous "facts" for which no foundation has been laid and makes certain conclusory assumptions from those "facts" that constitute opinions rather than facts. Also, the interrogatory is inherently argumentative and

- 4 -

essentially "begs the question," in addition to being vague, ambiguous and overly broad as to both subject-matter and time-frame. Subject to and expressly reserving those objections, Dr. Inglese offers the following response: The plaintiff received all appropriate medical care.

### INTERROGATORY NO. 8:

> Please identify each person known to you and not otherwise identified in your answers to these interrogatories who has provided any information or assistance of whatever nature or description relating to any of your answers to these interrogatories.

### ANSWER TO INTERROGATORY NO. 8:

Objections: irrelevant, overly broad, vague, and ambiguous in terms of both subject-matter and time-frame. Subject to and expressly reserving those objections, Dr. Inglese offers the following response: Undersigned counsel for defendants.

### INTERROGATORY NO. 9:

> Please identify each person who has made to you sworn or unsworn statements or provided information for affidavits or statements that relate to the allegations made in plaintiff's complaint, and state the information provided.

### ANSWER TO INTERROGATORY NO. 9:

Objections: overly broad, vague, and ambiguous as to both subject-matter and time-frame. Subject to and expressly reserving those objections, Dr. Inglese offers the following response: None.

### INTERROGATORY NO. 10:

> Is it true that you changed plaintiff's medical records? If so, please explain what you changed, and why.

**ANSWER TO INTERROGATORY NO. 10:**

Objections: the interrogatory assumes numerous "facts" for which no foundation has been laid and makes certain conclusory assumptions from those "facts" that constitute opinions rather than facts. Also, the interrogatory is inherently argumentative and essentially "begs the question," in addition to being vague, ambiguous, and overly broad as to both subject-matter and time-frame.

**INTERROGATORY NO. 11:**

Have you ever been disciplined or sanctioned because of the way you do your duties as a docot[doctor?], or any other reason?

**ANSWER TO INTERROGATORY NO. 11:**

Objections: irrelevant and overly broad, vague, and ambiguous as to both subject-matter and time-frame.

**INTERROGATORY NO. 12:**

Do you think Plaintiff needed immediate medical care from a doctor for the injuries he received while being recaptured? Please explain.

**ANSWER TO INTERROGATORY NO. 12:**

Objections: the interrogatory assumes numerous "facts" for which no foundation has been laid and makes certain conclusory assumptions from those "facts" that constitute opinions rather than facts. Also, the interrogatory is inherently argumentative and essentially "begs the question," in addition to being vague, ambiguous, and overly broad as to both subject-matter and time-frame. Subject to and expressly reserving those objections, Dr. Inglese offers the following response: The plaintiff received all appropriate medical care.

**INTERROGATORY NO. 13:**

Please state any and all information that you have received about doctor Marcus Dileo cursing and making obcene suggestions to Plaintiff, and state the name, last known address, and last known telephone number of the person that gave you such information, and state the information that was given.

**ANSWER TO INTERROGATORY NO. 13:**

Objections: the interrogatory assumes numerous "facts" for which no foundation has been laid and makes certain conclusory assumptions from those "facts" that constitute opinions rather than facts. Also, the interrogatory is inherently argumentative and essentially "begs the question," in addition to being vague, ambiguous, and overly broad as to both subject-matter and time-frame. Subject to and expressly reserving those objections, Dr. Inglese offers the following response: The plaintiff received all appropriate medical care.

**INTERROGATORY NO. 14:**

Please identify each nurse and doctor (the doctor that was on call) who was working the nightshift of 6-20-09, and state their name, last known address, and last known telephone numbers.

**ANSWER TO INTERROGATORY NO. 14:**

The Medical Department of the St. Tammany Parish Jail does not maintain such information in its data base and Dr. Inglese does not personally recall who was on duty at that particular time

**INTERROGATORY NO. 15:**

Please identify each nurse that was working the nightshift of 5-16-10, and state their last known address, and last known telephone numbers.

**ANSWER TO INTERROGATORY NO. 15:**

See Answer to Interrogatory No. 14.

### INTERROGATORY NO. 16:

Is it true that Plaintiff had an appointment for a M.R.I. to be done on his shoulder but that appointment was canseled because you knew that trial was coming up for Plaintiff and he wouldn't be at the Jail much longer?

### ANSWER TO INTERROGATORY NO. 16:

Objections: the interrogatory asks for irrelevant information, and it is overly broad, vague, and ambiguous as to both subject-matter and time-frame. Also, the interrogatory assumes numerous "facts" for which no foundation has been laid and makes certain conclusory assumptions from those "facts" that constitute opinions rather than facts. In addition, the interrogatory is inherently argumentative and essentially "begs the question." Subject to and expressly reserving those objections, Dr. Inglese offers the following response: The plaintiff received all appropriate medical care.

### INTERROGATORY NO. 17:

Why was that appointment for the M.R.I. canseled?

### ANSWER TO INTERROGATORY NO. 17:

Objections: the interrogatory asks for irrelevant information, and it is overly broad, vague, and ambiguous as to both subject-matter and time-frame. Also, the interrogatory assumes numerous "facts" for which no foundation has been laid and makes certain conclusory assumptions from those "facts" that constitute opinions rather than facts. Subject to and expressly reserving those objections, Dr. Inglese offers the following response: The plaintiff received all appropriate medical care.

### INTERROGATORY NO. 18:

Is it true that Plaintiff had numerous infections around the mouth area near where he received 11 stitches after he was recaptured?

### ANSWER TO INTERROGATORY NO. 18:

Objections: the interrogatory asks for irrelevant information, and it is overly broad, vague, and ambiguous as to both subject-matter and time-frame. Also, the interrogatory assumes numerous "facts" for which no foundation has been laid and makes certain conclusory assumptions from those "facts" that constitute opinions rather than facts. Subject to and expressly reserving those objections, Dr. Inglese offers the following response: The plaintiff received all appropriate medical care.

### INTERROGATORY NO. 19:

Is it true that the Plaintiff was refused access to a wheelchair on 5-18-10 at approx. 3:30 PM and corple Lubla and the A building runner was forced to tote Plaintiff to see his Attorney at Attorney visit?

### ANSWER TO INTERROGATORY NO. 19:

Objections: the interrogatory asks for irrelevant information, and it is overly broad, vague, and ambiguous as to both subject-matter and time-frame. Also, the interrogatory assumes numerous "facts" for which no foundation has been laid and makes certain conclusory assumptions from those "facts" that constitute opinions rather than facts. In addition, the interrogatory is inherently argumentative and essentially "begs the question." Subject to and expressly reserving those objections, Dr. Inglese offers the following response: The plaintiff received all appropriate medical care.

### INTERROGATORY NO. 20:

Is it true that nurse Rebecca or any other person got fired or disciplined for taking pictures of Plaintiff while he was getting his lip stiched up? Please include the name, last known address, and last known tele phone number of such persons.

**ANSWER TO INTERROGATORY NO. 20:**

Objections: the interrogatory asks for irrelevant information, and it is overly broad, vague, and ambiguous as to both subject-matter and time-frame. Also, the interrogatory assumes numerous "facts" for which no foundation has been laid and makes certain conclusory assumptions from those "facts" that constitute opinions rather than facts. In addition, the interrogatory is inherently argumentative and essentially "begs the question."

Respectfully submitted:

**TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.**

BY: /s/ _____

CHARLES M. HUGHES, JR. (#14382)
GARY L. HANES (#14341)
2250 7th Street
Mandeville, Louisiana 70471
Telephone: (985) 624-5010
Facsimile: (985) 624-5306

Attorneys for Defendants
Rodney J. Strain, Jr., in his capacity as Sheriff of St. Tammany Parish, Richard D. Inglese, M.D., Gary French, M.D., Marcus Dileo, M.D., Sureshkumar Bhatt, Deputy Jeremy Church, Deputy Jeff Brady, Deputy Ben Sadowski, Deputy Ben Godwin, and Deputy Robert Edwards

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 31st day of October, 2011 forwarded a copy of the foregoing pleading to plaintiff Timothy Wayne Murray, *pro se*, by placing same in the United States Mail, postage prepaid and properly addressed.

/s/ _____